Gardiner, Ch. J.,
delivered the opinion of the whole court. The question put to the witness Hickock, whether he had not stated at different times to the defendant that the plaintiff did not attend to his business in the tannery, was properly overruled by the referee. As affirmative evidence to sustain the defence, it was manifestly inadmissible; and as the witness had not testified at all upon the subject of the skill or competency of the plaintiff in his particular employment, a response by him to the question, whether in the affirmative or negative, would not in the slightest degree have affected his credibility.
*95 The referee was also right in denying the motion for a nonsuit. The plaintiff had given evidence tending to establish his employment and the length of time that he had labored for the defendant. He then showed, by the declarations of the defendant, his dismissal and the amount of his salary. In the course of the same conversation the defendant said that the plaintiff got drunk, was absent, and neglected his business. The defendant insists that the admission must be taken together, and in this he is correct; but as there was other evidence, the referee was not obliged to give equal credit to every part of the declaration. He might and it seems did believe the discharge of the plaintiff established by the admission, as a fact peculiarly within the knowledge of the defendant, and reject the excuse offered at the same time, not only as inconsistent with ■ the other evidence, but as probably suggested upon information obtained from others.
The last exception was to the admission of the opinion of a witness as to the cause of the black rot in hides, in the process of tanning, upon the ground that he was not an expert. The witness at the time of the trial was a student at law, but he stated that he had been engaged in the tanning business over four years, “ and had done all kinds of work in the process of tanning.” In the absence of all proof to "the contrary, experience for this length of time was prima facie evidence of the competency of the witness to speak upon the subject. There was nothing in the change of employment, from tanning hides to the study of the law, which would necessarily deprive him of the skill acquired in his original trade. The judgment of the supreme court should be affirmed.
Judgment affirmed.