[No. 15693.　Department One.—March 20, 1895.]

## SAN JOSE IMPROVEMENT COMPANY, APPELLANT, *v.* E. AUZERAIS, RESPONDENT.

STREET IMPROVEMENT—RESOLUTION OF INTENTION—DESCRIPTION OF WORK. Under section 3 of the Street Improvement Act of 1891 (Stats. 1891, p. 196), the resolution of intention of the city council must describe the work; and a resolution of intention which describes the work as consisting of the construction of "granite *or* artificial stone curbing" in a specified street is insufficient to confer jurisdiction on the council to order the work done.

ID.—DEFENSE TO ASSESSMENT—APPEAL TO CITY COUNCIL.—A property owner, in order to defend against an action brought to enforce an assessment purporting to be based on such resolution of intention, is not required by the statute to appeal to the city council.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*H. V. Morehouse,* and *Hiram D. Tuttle,* for Appellant.

*William Matthews,* for Respondent.

HARRISON, J.—The mayor and common council of the city of San Jose passed a resolution May 18, 1891, declaring its intention to order the improvement of a portion of El Dorado street, "said improvement to consist of the construction therein of granite *or* artificial stone curbing on both sides thereof to the official curb grade, excepting therefrom any laid upon the grade; also excavating the roadway of said street to a suitable subgrade, and improving the same as follows [Giving

a description of pavement to be laid upon the street]":
The city council having afterward ordered that the
work described in the foregoing resolution be done, a
contract therefor was entered into by the appellant.
The present action is brought to enforce against certain
lands upon the line of El Dorado street an assessment
which was issued to the appellant upon the completion
of the work.   A demurrer to the complaint filed on be-
half of the defendant was overruled by the court, and
the cause having been afterward tried, judgment was
rendered in favor of the defendant.   From this judg-
ment and an order denying a new trial the plaintiff has
appealed.

Under the principles laid down in *Bolton* v. *Gilleran*,
105 Cal. 244, the city council did not acquire jurisdic-
tion to order the work done.   The requirement in sec-
tion 3 of the Street Improvement Act (Stats. 1891, p.
196) that, in order to acquire jurisdiction to improve a
street, the city council shall pass a resolution of inten-
tion " describing the work," was not observed.   By this
statute the legislature has required the city council to
determine the character and extent of any improve-
ment that is to be made upon the public streets; but in
the present case that body, instead of itself determining
this matter, has not even designated the officer or per-
son by whom the character of the improvement shall
be determined.   It was the duty of the city council to
determine in the first instance whether the curbs to be
constructed along the line of the street should be of
granite or of artificial stone; but, instead of so doing,
that body has left this matter undetermined, and in
every subsequent step in the proceeding, including the
contract for doing the work, the same uncertainty ex-
ists.   By the terms of the contract the plaintiff was al-
lowed to place granite curbs along the street at the rate
of one dollar per lineal foot, or cement curbs at the rate
of sixty cents per foot, without any limitation upon its
choice, except the advantage to be derived from using
one instead of the other of these materials.   The vice

of such a proceeding was fully pointed out in *Bolton* v. *Gilleran, supra,* and need not be here repeated. It follows that the demurrer to the complaint should have been sustained. As the evidence offered at the trial was in accordance with the averments of the complaint the judgment in favor of the defendant was the only one that could be rendered thereon.

The defendant was not required to appeal to the city council in order to enable him to defend against the assessment. As the city council never acquired any jurisdiction to order the work the subsequent acts in its performance were not within the authority conferred by the statute, and none of the provisions of the statute can be invoked in support of the acts of the municipality or of its officers, or to impair any defense that the defendant may have.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.