[S. F. No. 1264.   Department Two.—April 7, 1900.]

CHARLES W. FAY et al., Respondents, v. E. P. REED et al., Appellants.

Street Improvement—Defective Resolution of Intention—' Suitable Drains and Inlets" at "Street Crossings"—Invalid Assessment. A resolution of intention for a street improvement, which includes as part of the proposed work that "suitable drains and inlets are to be constructed at all intersecting crossings, to carry the surface water of intersecting streets and of Market street into the main branch sewer running along said Market street," without specifying the number of drains and inlets, or the size of the drains, or the materials of which they are to be constructed, or the kind or character of the inlets, is fatally defective, and cannot lay the foundation for a street assessment under a contract for the proposed work specified in the resolution.

Id.—Resolution of Intention Jurisdictional.—A proper resolution of intention to improve a street is the basis of the jurisdiction of the city council to order the work to be done, and is the foundation of a right to foreclose a street assessment for the work.

Id.—Construction of Statute as to Resolution—Full Description of Proposed Work Essential—Failure in Material Part—Void Contract and Assessment.—The provision of the statute requiring that the city council, before ordering any work done, shall pass a resolution of intention so to do, "describing the work," applies to all and each of its material parts; and a failure of description in any material part of the work vitiates the resolution as a whole, and renders void a bid and contract to do the work proposed by the resolution, inclusive of the defective part, and no street assessment can be enforced under such contract.

Id.—Certainty of Description—Plans and Specifications—Option—Conformity to Resolution.—The description of the work in the resolution must be certain, though not required to be as minute and precise as would be proper in plans and specifications; but if plans and specifications are required by the council, which is

optional on their part, they must conform to and be consistent with the description in the resolution of intention.

ID.—COMPLAINT UPON ASSESSMENT—INSUFFICIENT PLEADING—AVERMENT AS TO PLANS AND SPECIFICATIONS.—A complaint for the foreclosure of a street assessment which shows on its face that the resolution of intention to do the proposed work was fatally defective in a material part of the description thereof, does not state a cause of action; and the defect in the description is not shown to be cured, if it could be at all cured by plans and specifications, by an averment of the complaint that before ordering the work done the mayor and common council required the city engineer to prepare plans and specifications of the work to be done, which were furnished, approved, and adopted by the council, without averring or disclosing to the court what was shown thereby.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion.

W. S. Goodfellow, and Jackson Hatch, for Appellants.

C. T. Bird, for Respondents.

HAYNES, C.—Action to foreclose an assessment for street improvements. A general demurrer to the complaint was overruled, and the defendants answered. The court found that all the allegations of the complaint are true, and that all the allegations of the answer, except the allegation that defendant Reed is the owner of the lot sought to be charged, are untrue, and entered judgment for the plaintiffs, from which and from an order denying a new trial the defendants appeal. If the complaint does not state a cause of action its defects are carried into the findings, which, in such case, would not support the judgment.

The fourth paragraph of the complaint alleges that on December 11, 1893, the mayor and common council of the city of San Jose passed its resolution of intention to improve Market street in said city between certain intersecting cross streets, by excavating the roadway and portions of abutting streets "to *the building line* of Market street, *to a suitable subgrade*," constructing curbs of artificial stone set upon established curb

lines and grades, making gutters of a defined width and mate-
rial, improving the roadway to the official grade by six inches
of concrete and two inches of bituminous rock; and *"suitable
drains and inlets are to be constructed at all intersecting street
crossings to carry the surface water of intersecting streets and of
Market street* into the main branch sewer running along said
Market street." We have italicised the portions of the resolution
of intention to which appellants direct special attention. The
last of these only need be noticed. The others are made suffi-
ciently clear by reference to other portions of the resolution,
and if it were otherwise it would not affect the result, since
we think the provision in relation to drains and inlets is fatally
defective.

The number of intersecting streets crossed by the portion of
Market street intended to be improved, of course, is certain;
but whether there was intended to be constructed at each of
these intersecting streets one, two, or three, or four inlets and
drains is not fixed or determined, nor is the size of the drains
specified, nor the material of which they shall be constructed,
whether of wood, or cement, or brick, or stone, or iron pipe,
or vitrified pipe, nor is the kind or character of the inlet by
which the surface water is to be admitted to the drain in any
manner described.

"The foundation of plaintiffs' right to maintain the action
rests upon the resolution of intention, passed by the board of
city trustees, to do the work for which the assessment sought to
be foreclosed was made." (*McBean v. Redick*, 96 Cal. 192.)
"We have repeatedly held that proceedings by which the citi-
zen is to be divested of his property *in invitum* must be strictly
pursued." (*Stockton v. Whitmore*, 50 Cal. 554.)

The statute requires that the city council, before ordering
any work done, shall pass a resolution of intention so to do,
"describing the work." This resolution is required to be pub-
lished, and notices thereof posted, and the owners of a majority
of the frontage on the proposed work may, by a written objec-
tion delivered to the city clerk, bar any further proceedings
in relation to the doing of said work for the period of six
months, and if no objection be made within the time limited
the city shall be deemed to have acquired jurisdiction to order

the work to be done. The resolution of intention is, therefore, the basis of the jurisdiction of the city council to proceed to order the work, and the requirement that the resolution shall "describe" the work proposed to be done is for the purpose of enabling the owners of property, which would be liable for the cost of the improvement, to determine whether they will file written objections and so postpone the work. If the same or a similar indefiniteness existed in the resolution of intention in regard to the curbing, the construction of the gutters and the improvement of the roadway of the street, no one would doubt the insufficiency of the description of the work intended to be done; but the requirement of the statute that the work be "described" applies to all and each of its material parts. If, for example, the curbing, the construction of the gutters, and grading and paving of the street had been done under some previous resolution of intention, and it was afterward desired to construct the drains and inlets here spoken of, no one would contend that a resolution of intention to construct "suitable drains and inlets at all intersecting street crossings to carry the surface waters of intersecting streets and of Market street into the main branch sewer" would comply with the requirement of the statute that the resolution must describe the intended work. We cannot regard the drains and inlets as having been eliminated from the resolution of intention and from the contract with the plaintiffs, and permit a recovery for that part of the work which was sufficiently described, since the bid and the contract included the drains and inlets. In *McBean v. Redick, supra,* the resolution of intention was for the construction of a sewer along a certain street for a specified distance, but the distance to be sewered, as specified in the advertisement calling for bids and in the contract, was less by a whole block than the resolution of intention called for. It was held that the contract was void, and that the work done thereunder created no lien on the property benefited thereby.

In *San Jose Imp. Co. v. Auzerais,* 106 Cal. 498, the resolution of intention to improve a certain street described the improvement thus: "Said improvement to consist of the construction therein of granite *or* artificial stone curbing on both sides thereof to the official curb grade, excepting therefrom any laid

upon the grade," also excavating the roadway, etc., giving description of pavement to be laid upon the street. It was held that the council did not acquire jurisdiction to order the work because the requirement of the statute as to "describing the work" was not observed; that "it was the duty of the city council to determine in the first instance whether the curbs to be constructed along the line of the street should be of granite or of artificial stone." (See *Schwiesau v. Mahon, ante,* p. 114.)

We do not hold that the description of the improvements in the resolution of intention are required to be so minute and precise as would be proper in plans and specifications; but whether plans and specifications shall be prepared at all is optional with the council, and when prepared should conform to and be consistent with the description in the resolution of intention. Respondents argue, however, that the mayor and common council, before ordering the work done, required the city engineer to prepare plans and specifications of the work to be done, that they were furnished, and were approved and adopted by the council. It is so alleged in the complaint; but what was shown by the plans and specifications is not alleged, nor in any manner disclosed in the record, and we cannot assume that the defect in the resolution of intention was cured by the plans and specifications, even if it were possible thus to remedy the defect; a question which is not presented by the record, and need not be considered.

I advise that the judgment and order appealed from be reversed.

Gray, C., concurred.

· For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Temple, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.