[Civ. No. 133.  First Appellate District.—January 15, 1906.]

## D. LAMBERT, Appellant, v. CHARLOTTE CUMMINGS et al., Respondents.

STREET ASSESSMENT—RESOLUTION OF INTENTION.—Under section 37 of the street assessment act (Stats. 1891, p. 196, c. 147), the resolution of intention of the city council to do the work contemplated, and describing it, is the initial step, and by it alone the council acquires jurisdiction to subsequently make the assessment and order the work done.

ID.—DESCRIPTION OF WORK—MACADAMIZING—KIND OF MATERIAL.—A resolution of intention for macadamizing and making gutters in a street recited that "The macadam shall be class 'C' as classified in Ordinance No. 62A." Section 1 of that ordinance provided a classification of rock used in macadamizing, designated as "Class A," "Class B," and "Class C." In "Class A" and "Class B" the rock was specifically described, and "Class C" was defined as "such rock as shall be approved by the board of trustees from time to time." The ordinance further provided that the macadam should be of three classes, to be designated as "Class A," "Class B," and "Class C," and that all rock used in macadamizing designated as class C should be any rock classified as belonging to class A, class B or class C, by section 1 of the ordinance. No rock was ever approved by the board as class C rock. *Held*, that the resolution of intention was insufficient to give the board jurisdiction to let the contract, order the work done, and assess the property for such work, in that it did not sufficiently describe the work to be done by specifying the kind or quality of rock to be used.

APPEAL from a judgment of the Superior Court of Alameda County.  F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Alexander G. Eells, and H. K. Eells, for Appellant.

A. E. Bolton, for Respondents.

COOPER, J.—Action to foreclose the lien of a street assessment alleged to exist by virtue of proceedings instituted by the council of the town of Berkeley.  Defendants had judgment, from which the plaintiff prosecutes this appeal.  The question is as to whether the resolution of intention was sufficient to give the board jurisdiction to let the contract, order

the work done, and assess the property for such work. Section 3 of the street assessment act (Stats. 1891, p. 196, c. 147) provides: "Before ordering any work done or improvement made, which is authorized by section two of this act, the city council shall pass a resolution of intention so to do, and describing the work."

The resolution of intention is the initial step, and by it alone the council acquires jurisdiction to subsequently make the assessment and order the work done. (*Schwiesau* v. *Mahon*, 128 Cal. 116, [60 Pac. 683]; *McDonnell* v. *Gillon*, 134 Cal. 330, [66 Pac. 314].) The resolution of intention, so far as material here, was as follows: "That Prince street in said town from the westerly line of Grove street to the easterly line of Sacramento street be macadamized and guttered to the official lines and grades. . . . The macadam shall be class 'C' as classified in Ordinance No. 62A."

Ordinance No. 62A, adopting specifications for macadamizing and guttering the public streets in said town, provides:

"Section 1. Classifications of macadamizing rock used in macadamizing and constructing gutters in the streets of the town of Berkeley shall be classified into three classes, and shall be designated as 'Class A,' 'Class B,' and 'Class C.'

"Class A. Class A shall be such rock as shall lose by abrasion and fracture not more than 15 per cent. of its original weight when subjected to the test known as the rattler test.

"Class B. Class B shall be such rock as shall lose by abrasion and fracture not more than 20 per cent. of its original weight when subjected to the said rattler test.

"Class C. Class C shall be such rock as shall be approved by the board of trustees of the town of Berkeley from time to time, a sample of which rock shall be presented for such approval. One sample of such rock having been approved, it shall be deemed sufficient for all subsequent work in said Class C until approval shall be withdrawn by said board.

"Section 2. Macadamizing. The macadam shall be of three classes, to be designated as 'Class A,' 'Class B,' and 'Class C.' All macadamizing shall be of the class called for in the resolution of intention.

"Sec. 7. Macadamizing, class C. All rock used in macadamizing designated as class C shall be any rock classified

as belonging to 'Class A,' 'Class B,' or 'Class C,' as classified in section 1 of this ordinance.''

No rock was approved by the board of trustees as class C rock.

It seems clear to us that the resolution of intention did not describe the work to be done. It did not specify the kind or quality of rock to be used. The ordinance provides that class C shall be such rock as shall be approved by the board of trustees from time to time by sample, and it may consist of rock belonging to class A or class B, or such other kind of rock as may be approved by the board of trustees, but there can be no class C rock until it is approved and made so by the board of trustees. It is thus plain that when the resolution of intention provided that the macadam should be class C, the board of trustees might have determined by their order of approval the kind of rock that would constitute class C, which might have been a much more costly rock than class A or class B, or it might have been rock of class A or class B, or it might have been a rock much inferior and cheaper than rock classified as class A or class B. The effect of the resolution of intention was that the street be macadamized with class A rock if approved by the board of trustees, or class B rock, if approved by the board of trustees, or any other kind of rock that might be approved by the board of trustees. It is at once evident that a contractor bidding for the work must have done so upon the probability of being compelled to use the most expensive rock for macadamizing, unless he had been assured in some way by some private arrangement that he might use other or different rock. The board of trustees were thus enabled to favor one contractor and discriminate against another. Whether the contractor could do the work for the amount of his bid, or whether he could make a fair profit, or a very large profit, in such case, would depend entirely upon the will of the board of trustees. The owner has a right to know, by the resolution of intention, the nature of the work contemplated so that he, in common with other owners may determine whether or not he will favor the contemplated improvement, or file written objections thereto. He has a right to have the work described so that the contractor may calculate the cost of the work, and that there may be fair competition among bidders. A resolution of intention,

followed by a notice of letting a contract to macadamize a certain street with such rock as may be approved by the board of trustees, does not describe the work to be done. The contractor may be required to use marble or soft sandstone or cobbles. In *Grant* v. *Barber,* 135 Cal. 188, [67 Pac. 127], the specifications annexed to the resolution of intention, as a part thereof, provided that the contractor "shall put in such culverts as the street superintendent shall direct." It was held that the resolution did not sufficiently describe the work. It was there said in regard to the contract: "The price at which it would be awarded would vary according to the uncertainty of the work to be done, and competition among bidders would be materially affected. Under such a condition the bidder would naturally make his proposal in view of the most expensive material that might be required by the superintendent, and whether he did or not the uncertainty of the number of culverts, and the materials from which they were to be constructed, would prevent the owner from electing to do the work at the price it might be awarded." (See, further, *Bolton* v. *Gilleran,* 105 Cal. 245, [45 Am. St. Rep. 33, 38 Pac. 881]; *San Jose I. Co.* v. *Auzerais,* 106 Cal. 498, [39 Pac. 859]; *Fay* v. *Reed,* 128 Cal. 359, [60 Pac. 927]; *Chase* v. *Scheerer,* 136 Cal. 251, [68 Pac. 768].)

The resolution of intention was equally defective as to the gutters. It provided: "The gutters shall be concrete gutters four feet wide. The macadam shall be class 'C' as classified in ordinance No. 62A."

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.