[S. F. No. 7573.   Department One.—December 4, 1917.]

## D. L. BIENFIELD, Respondent, v. T. C. VAN NESS, Jr., Appellant.

STREET ASSESSMENT—FORECLOSURE OF LIEN—PLEADING—DISJUNCTIVE ALLEGATION—DEMAND UPON OWNER OR AGENT—GENERAL DEMURRER. In an action to foreclose a street assessment lien, conceding, without deciding, that an allegation in the complaint, in the disjunctive, that demand for the assessment was made upon the owner or his agent, is defective in not showing whether it was upon the owner or his agent that the demand was made, the defect amounts to an uncertainty only, and cannot be reached by a general demurrer.

ID.—FORECLOSURE OF LIEN—PLEADING—JURISDICTIONAL FACTS—REPORT OF BOARD "DULY AND REGULARLY" MADE.—Under section 456 of the Code of Civil Procedure, providing that, in pleading a judgment or other determination of a court officer or board, it is not necessary to state the facts conferring jurisdiction, but that such judgment or determination may be stated to have been duly given or made, an allegation in a complaint to foreclose a street assessment lien that the board of public works of San Francisco "duly and regularly made" its report to the board of supervisors, recommending the doing of certain street work, is a sufficient statement of the

fact that the board of public works had previously taken all the steps necessary to give it authority to make such report and recommendation under the provisions of the ordinance of the city and county of San Francisco providing for street improvements, which was adopted by virtue of the powers given to the board of supervisors of San Francisco, by section 33, chapter II of article VI of the San Francisco charter.

ID.—FORECLOSURE OF LIEN—PLEADING—NOTICES OF STREET WORK—SUFFICIENT ALLEGATION OF POSTING.—In a complaint to foreclose the lien of an assessment for street improvements at a crossing, an allegation that notices of the work were posted along the line of the improvement contemplated and on each quarter block is a sufficient statement that the notices were posted "in front" of the quarter block.

ID.—FORECLOSURE OF LIEN—PLEADING—COMPLAINT—NOTICE OF STREET WORK—CONTENTS OF NOTICE—DEFECTIVE ALLEGATION—HOW CURED —ALLEGATION THAT ASSESSMENT "DULY" MADE.—Under section 456 of the Code of Civil Procedure, providing that a statement in a pleading that a judgment or other determination of a court, officer, or board was "duly given and made," is sufficient, an allegation that the board of public works "duly and regularly made an assessment to cover the sum due" for the work performed and specified in the contract, for which the assessment was made, is a sufficient allegation that all the steps preceding the making of the assessment necessary to authorize the board to make it had been taken in the manner provided by law, and cures the defect, if it be one, that the complaint did not state that the notices of the contemplated improvement which were alleged to have been posted contained the statement required by the ordinance, that all objections to the proposed improvement must be filed with the secretary of the board, in writing, within a specified time, fixed as required by the ordinance.

ID.—FORECLOSURE OF LIEN—EVIDENCE—AFFIDAVIT OF DEMAND.—In an action to foreclose a street assessment lien, where the evidence of demand and nonpayment of an assessment consists of the affidavit constituting the return to the assessment, which states that the affiant, the plaintiff, called upon the following persons assessed "or their agents" (describing, among others, the lot in question and naming the owner of the lot), and there was no showing at the trial that the demand was not made, inasmuch as a demand either upon the owner or his agents would have been a good demand, the objection that the evidence, while showing that the demand was made either upon the owner or his agent, is not certain as to the particular one, furnishes no ground for reversal.

ID.—FORECLOSURE OF LIEN—RETURN TO WARRANT—NATURE OF DEMAND. Where an ordinance providing for street improvements and assess-

ments therefor requires demand for payment to be made, and provides that, if neither the owner nor his agent can be conveniently found, demand may be made upon the lot, and that the return to the warrant shall state "the nature, character, and date of the demand," the requirement as to the "nature and character" of the demand refers to the question whether the demand was personal (upon the owner or agent), or constructive (by outcry upon the premises), and on this theory, a return is sufficient without specifying the particular instances in which the demand was made upon the owner and in which it was made upon the agent.

ID.—FORECLOSURE OF LIEN—RETURN TO WARRANT—NAME OF LOT OWNER —IMMATERIAL ERROR IN INITIALS.—Where the list of unpaid assessments gives erroneously the name of a lot owner as "F. C. V." instead of "T. C. V." and the original return shows that the letter "F" was first written and the letter "T" was written over it, the error was purely clerical, and the objection too trivial to deserve notice.

ID.—FORECLOSURE OF LIEN — RECORD OF RETURN — NONAUTHENTICATION BY SECRETARY.—Where the return of an assessment is complete and perfect in itself, and it is duly entered in the assessment-book, the failure of the secretary to attach his signature to the record does not render the lien invalid or prejudice the holder of the warrant.

ID.—FORECLOSURE OF LIEN — FORMAL DEFECTS — CURATIVE CLAUSE OF ORDINANCE.—Since the board of supervisors would have had power to adopt an ordinance, not requiring the formalities of a demand and return, or an affidavit of demand and nonpayment, or other formalities subsequent to the giving of notices necessary to acquire jurisdiction of the proceeding, the board was equally competent to provide, as it did, in the law itself that "no assessment, warrant, diagram, or affidavit of demand and nonpayment after the issue of the same, and no proceedings prior to the assessment, shall be held invalid by any court for any error, informality, or other defect in the same, where the resolution of intention of the board of public works to recommend to the supervisors the ordering of the improvement has been actually published and posted, and the notices of improvement posted as in this ordinance provided," and the effect of this curative clause is to make the other provisions respecting the form of the affidavit of demand and nonpayment directory only, and to prevent a failure to observe the same invalidating the lien.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Wm. H. Chapman, and R. M. F. Soto, for Appellant.

Jesse A. Mueller, for Respondent.

Fabius T. Finch, *Amicus Curiae.*

SHAW, J.—The defendant appeals from a judgment in favor of the plaintiff, foreclosing a lien upon the defendant's property for a street assessment for the improvement of the crossing of Beach and Taylor Streets, in San Francisco.

The assessment was not made under any of the statutes of this state relating to such matters, but upon the procedure provided by Ordinance No. 2439 (New Series) of the city and county of San Francisco, approved September 4, 1913. This ordinance was adopted under and by virtue of the power given to the board of supervisors of San Francisco, by section 33, chapter II, of article VI, of the San Francisco charter. (Stats. 1911, p. 1691.) This section authorizes the board of supervisors to adopt an ordinance providing a method of procedure for the improvement of streets within the city, and for the assessment of the expenses thereof upon private property. (*Mardis* v. *McCarthy,* 162 Cal. 98, [121 Pac. 389] ; *Hayne* v. *San Francisco,* 174 Cal. 185, [162 Pac. 625].) The ordinance in question is similar to the Improvement Act of 1911 (Stats. 1911, p. 730), and in its main features not unlike the so-called Vrooman Act.

The appellant claims that the complaint is defective in several particulars, and that the evidence does not sustain the conclusion that the assessment upon which the foreclosure is based was legal and valid.

1. The complaint alleges that the demand for the amount of the assessment was made "upon said T. C. Van Ness, Jr., or his agents." The claim is that this averment is in the disjunctive, and that it does not appear whether the demand was made upon Van Ness or upon his agents. The demurrer was general. There was no demurrer for uncertainty. If this is a defect, it amounts to an uncertainty only, and cannot be reached upon general demurrer.

2. The ordinance requires that the board of public works, after preparing the specifications, shall pass a resolution of its intention to recommend to the supervisors the making of the improvements, and in said resolution shall fix a day when

the board shall determine whether or not it will recommend the work, which day shall be not less than twenty days after the passage thereof. Appellant insists that the complaint does not sufficiently show a compliance with this provision. It alleges that the board of public works "duly and regularly" fixed a day when it would take final action on said resolution; that this was done on March 25, 1914; that on April 15, 1914, the board "duly and regularly" made its report to the supervisors recommending the doing of the work. This shows that final action upon the resolution was taken on April 15, 1914, one day more than twenty days after March 25, 1914, the date of the adoption of the resolution of intention. Furthermore, the allegation that the action of the board was "duly and regularly" taken is a sufficient statement of the fact that the board had previously taken all the steps necessary to give it the authority to take such action. (Code Civ. Proc., sec. 456.) The objection is therefore not well taken.

3. The work to be done was the construction of curbs, sidewalks, and other improvements connected therewith in the street, at the crossing aforesaid. The allegation that the notices of street work were posted along the line of the improvement contemplated, and on each quarter block, is a sufficient statement that the notices were posted in front of the quarter block. Being on each quarter block and *along the line* of the improvement which is situated in the street, they must of necessity be in front of the blocks.

4. The complaint alleged that said notices were so posted, each "being headed 'Notice of Improvement,' in letters of not less than one inch in length, and in legible character, stating the fact of the passage of said resolution, its date, and, briefly, the work and improvement proposed, and referring to said resolution of intention for further particulars." The ordinance provides that such "notices shall also state that all objections to the proposed improvement must be filed, in writing, with the secretary of the board before the day fixed in the said resolution of intention for action thereon by said board," and that the notice shall indicate said day. It is objected that the complaint is insufficient because it does not state that the notices contained these requirements. It is to be observed that it does not state that the notices did not contain the above matter required by the ordinance. All these

proceedings were required to be complete before the making of the assessment. The complaint, further on, alleges that on September 24, 1914, the board of public works "duly and regularly made an assessment to cover the sum due for the said work so performed and specified in said contract," referring to the contract and work upon and for which the assessment was made. In virtue of the provisions of section 456 of the Code of Civil Procedure, we must hold that this is a sufficient allegation that all the steps preceding the making of the assessment, necessary to authorize the board to make it, had been taken in the manner provided by law. This cures the aforesaid defect, if it be one.

5. It is claimed that the evidence does not show that any legal demand for payment was ever made. The affidavit showing demand and nonpayment, constituting the return to the assessment, was introduced in evidence. It shows that on October 14, 1914, the plaintiff "called upon the following persons assessed, or their agents, and demanded payment of the amount assessed to each, respectively," and thereupon named among the persons the following: "Lot No. 9, T. C. Van Ness, Jr., 275 feet, $327.94." The objection is that this does not show whether the demand was upon Van Ness or upon his agents. We cannot perceive how the defendant could be in any wise prejudiced thereby. There was no showing at the trial, and it is not contended in the briefs, that the demand was not in fact made, or that he would or could have done anything in a different manner than he did if the demand was upon himself instead of upon his agents, or that he suffered any injury or prejudice whatever by reason of any defect in the manner of making the demand. A demand either upon himself or upon his agents would be a good demand. Under these circumstances the objection will not be entertained. The mere fact that the evidence shows that it was made on one or the other, but is not certain as to the particular one, furnishes no ground for reversal.

It is objected, further, that the return showing a demand, stated in the disjunctive as aforesaid, is not in the form required, and that this invalidates the plaintiff's claim of lien. The ordinance provides that the return to the warrant shall state "the nature, character, and date of the demand." The words "called upon the following persons assessed or their agents," respectively, were followed by a list of all the lot

owners. It is further provided that if neither the owner nor his agent can be conveniently found, demand may be made upon the lot. The requirement as to the nature and character of the demand refers to the question whether the demand is personal, that is, upon the owner or his agent, or constructive, that is, by outcry upon the premises. Upon this theory the return is sufficient in this respect without specifying the particular instances in which the demand was upon the owner and which upon the agent.

6. The further objection is made that the list of assessments remaining unpaid, given in a subsequent part of the return, gives the name of the owner of lot No. 9 as F. C. Van Ness, Jr., instead of T. C. Van Ness, Jr. The original return shows that the letter "F" at this place was first written, and that the letter "T" was written over it. The error was purely clerical, and is too trifling to deserve notice.

7. It appears that in recording the return in the assessment-book the copy therein written was not authenticated by the signature of the secretary of the board of public works. In decisions concerning the requirement for the recording of returns of this character in proceedings under the statutes such as the Vrooman Act, and the act of 1911, which are similar to the ordinance in question, it has been decided that the omission of the authentication to the return as recorded in the assessment-book is not fatal to the validity of the lien of the contractor, if in fact the return itself is properly authenticated. In this case the return to the assessment was complete and perfect in itself, and it was all duly entered in the assessment-book. The failure of the secretary to attach to the record his signature thereto does not render the lien invalid or prejudice the holder of the warrant. (*San Francisco* v. *Certain Real Property,* 50 Cal. 188; *Gillis* v. *Cleveland,* 87 Cal. 219, [25 Pac. 351].)

8. Finally, the objections to the formal sufficiency of the assessment and return, or affidavit of demand and nonpayment, are all disposed of by the following provision of the ordinance: "No assessment, warrant, diagram or affidavit of demand and nonpayment after the issue of the same, and no proceedings prior to the assessment, shall be held invalid by any court for any error, informality or other defect in the same, where the resolution of intention of the board of public works to recommend to the supervisors the ordering of the

improvement has been actually published and posted and the notices of improvement posted as in this ordinance provided.''

It would have been within the power of the supervisors to have adopted an ordinance which did not require the formalities above referred to in the proceedings subsequent to the giving of the notices necessary to acquire jurisdiction of the proceeding. ''It must be equally competent to provide, in the law itself, that a disregard of its provisions as to any of these intermediate proceedings shall not be fatal to the validity of the assessment, or that after a given stage in the matter has been reached, all inquiry as to such proceedings shall be cut off, and they shall be conclusively presumed to have been performed in the manner required by law.'' (*Chase* v. *Trout,* 146 Cal. 362, [80 Pac. 85].) The effect of the above curative clause of the ordinance is to make the other provisions of the ordinance respecting the form of the affidavit of demand and nonpayment of the assessment or warrant, directory only, and to prevent a failure to observe the same from having the effect of invalidating the lien upon the property.

These comprise all the objections made to the judgment appealed from. None of them being fatal thereto, the appeal is ineffectual.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.