[Civ. No. 4004.   First Appellate District.   Division One.—November 25, 1921.]

## THE FAY IMPROVEMENT COMPANY, Respondent, v. ADELINE M. NELSON, Appellant.

[1] STREET LAW—SAN FRANCISCO ORDINANCE—CONSTITUTIONAL LAW.—The street improvement ordinance of the city and county of San Francisco, adopted September 2, 1913, is constitutional.

[2] ID.—REPEAL OF ORDINANCE DIRECTING IMPROVEMENT—SUBSEQUENT ORDINANCE—INFORMALITY—JURISDICTION UNAFFECTED.—Where the board of supervisors of the city and county of San Francisco first adopted an ordinance ordering the improvement of a street under the street improvement ordinance of 1913, and thereafter adopted an ordinance repealing such ordinance, and several months thereafter adopted another ordinance similar in form to the first ordinance ordering the work to be done, the board did not lose jurisdiction to carry on the improvement by the repealing ordinance, but its action, in the absence of any showing of injury from the delay, operated as a mere postponement of the time within which the improvement should be made, and was at most a mere informality which could be cured by the provisions of section 21 of the street improvement ordinance of 1913, jurisdiction having been acquired by the due passage, publication, and posting of the resolution of intention.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Frank J. Murasky, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Sawyer & Sawyer and Frank W. Sawyer for Appellant.

John R. Daniels for Respondent.

RICHARDS, J.—This appeal is from a judgment in the plaintiff's favor in an action to foreclose a street assessment lien.

The street improvement work in question was done upon Forty-fourth Avenue between Anza and Fulton Streets, in the city and county of San Francisco, under the provisions of the street improvement ordinance of said municipality adopted on September 2, 1913.

[1] The appellant herein makes two main points. The first of these is that the ordinance in question is unconstitutional. No extended discussion of the argument urged in support of this contention need be made, since the question of the constitutionality of this and similar ordinances of said municipality has been set at rest by the decisions of the supreme court in the cases of *Mardis* v. *McCarthy,* 162 Cal. 98 [121 Pac. 389] ; *Hayne* v. *San Francisco,* 174 Cal. 185 [162 Pac. 625] ; *Bienfield* v. *Van Ness,* 176 Cal. 585 [169 Pac. 225].

The appellant's next contention is based upon the following facts as shown by the record herein: On the fourteenth day of June, 1916, the board of public works of the city and county of San Francisco duly and regularly passed a resolution, pursuant to the provisions of the ordinance above referred to, that it was expedient that the street improvements in question herein should be made. Thereupon plans and specifications for the doing of said work were duly prepared as in said ordinance provided. On July 12, 1916, the said board of public works duly and regularly and in accordance with the terms of said ordinance adopted and passed its resolution of intention to recommend to the board of supervisors of said city and county the doing of said work pursuant to the provisions of said street improvement ordinance; and also immediately thereafter duly caused said resolution of intention to be posted and published as required by the terms of said ordinance. On August 18, 1916, the said board of public works duly passed and adopted a resolution recommending to the board of supervisors of said city and county that they order said improvements to be made, which resolution, accompanied by a diagram certified by the city engineer and showing in detail the separate lots, pieces, and parcels of land within the limits of the district to be assessed for said work, and the

location of the same with relation to the contemplated improvements, was duly transmitted to said board of supervisors. On September 18, 1916, the said board of supervisors duly and regularly passed and adopted an ordinance ordering the said work and improvement to be done under the supervision of the said board of public works. Thereafter and on October 21, 1916, the said board of supervisors adopted an ordinance repealing the last above-mentioned ordinance ordering the said work to be done. The matter rested there until June 25, 1917, when the board of supervisors adopted another ordinance similar in form to the ordinance of September 18, 1916, ordering the said work and improvements to be done, but postponing the time for entering upon the same to a date nine months after the date of the approval of said ordinance by the mayor. At the expiration of said time the work of making said improvements proceeded in accordance with the original ordinance providing the procedure for making such improvements. The appellant's contention is that by the repeal of the ordinance of September 18, 1916, ordering the doing of said work the board of supervisors and the board of public works lost jurisdiction to carry on said improvements, and hence that all that was done thereafter leading up to the assessment sought to be enforced against the appellant's property was illegal.

[2] We find no merit in this contention. General jurisdiction over the matter and method of making public improvements of the kind attempted in the instant case was conferred upon the board of public works and the board of supervisors of the city and county of San Francisco by the terms of the street improvement ordinance of 1913. It is in said ordinance provided that such work shall be initiated by the board of public works through the adoption by it of a resolution of intention recommending to the board of supervisors the ordering of said work, specifying the nature and details of the same, which resolution of intention shall be published or posted as in said ordinance directed. Section 21 of said ordinance provides: "No assessment, warrant, diagram or affidavit of demand and nonpayment after the issue of the same, and no proceedings prior to the assessment, shall be held invalid by any court for any error, informality or other defect in the same,

where the resolution of intention of the Board of Public Works to recommend to the Supervisors the ordering of the improvement has been actually published and posted and the notices of improvement posted as in this ordinance provided.''

An examination of the other provisions of said ordinance discloses that nowhere is it provided therein that the board of supervisors shall within any specified or limited time act upon the recommendations of the board of public works in the way of ordering the said work to proceed; nor is it therein provided that said work shall be proceeded with or completed within any specified or limited time after the passage of the resolution of intention by the said board of public works. Jurisdiction to make said improvement and to bind the property of the appellant and of all others within the district for the expense of making the same was, we think, acquired by the due passage, publication, and posting of the resolution of intention under the express terms of the foregoing section of the Improvement Act of 1913, and was neither acquired nor lost by the passage or repeal of the ordinance of the board of supervisors of September 18, 1916. The ordinance of the board of supervisors of October 21, 1916, repealing said last-named ordinance did not purport to be an ordinance abandoning the proceedings already taken toward making the improvements in question. Section 7 of said Street Improvement Act embraces a provision that the board of superivsors ''by an affirmative vote of not less than fifteen members may determine to abandon all proceedings had and taken in the matter of the proposed improvement,'' but the said repealing ordinance of said board enacted on October 21, 1916, did not purport to be passed under this provision, but at most must be construed as merely expressing the resolve of the board not to proceed at present with the making of the intended improvements, but to delay its orders in that respect to some more opportune time. In the entire absence of any showing that anyone, and especially this appellant, was or would be injured by the delay in ordering and proceeding with the making of these improvements we hold that the action of the board of supervisors, in first adopting and then repealing this ordinance ordering said improvements to be proceeded with, operated as a mere postponement of

the time within which they should be entered upon, and was at most a mere informality which would be cured by the provisions of section 21 of the improvement ordinance above set forth (*Chase* v. *Trout*, 146 Cal. 350 [80 Pac. 81]).

No other errors being urged upon this appeal, the judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.