[Civ. No. 4644. First Appellate District, Division One.—November 30, 1923.]

## THOMAS G. WALSH, Respondent, v. GUSTAVA SWANSON, Appellant.

[1] STREET LAW—SAN FRANCISCO ORDINANCE—DESCRIPTION OF WORK AND MATERIAL—SUFFICIENCY OF RESOLUTION OF INTENTION.—Under the San Francisco Street Improvement Ordinance the work and material are sufficiently described in the resolution of intention where they are described as the improvement of the northerly side of a designated street, between two designated streets, "by the construction of an artificial stone side walk of the full official width where not already constructed, at least six (6) feet wide."

[2] ID. — REFERENCE TO PLANS AND SPECIFICATIONS. — Where such resolution of intention refers to the plans and specifications adopted for the improvement, the general description of the work and material must be read with such plans and specifications.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. W. Sawyer for Appellant.

R. M. F. Soto for Respondent.

NEEDHAM, J., pro tem.—This is an action to foreclose a street assessment lien. The work performed was the construction of a sidewalk in front of the defendant's property. The assessment was a public assessment and not by private contract.

In the court below the plaintiff obtained a decree of foreclosure and order of sale, which decree and order is dated the tenth day of January, 1918. Findings of fact were waived by stipulation of the parties. The defendant made a motion for a new trial, which was denied March 2, 1918, and thereafter in due time the defendant appealed from the whole of said judgment and in pursuance of sections 941a, 941b, and 941c of the Code of Civil Procedure.

The defendant presents two grounds of appeal, namely: A—The work and materials, to be performed and furnished,

were not sufficiently described in the resolution of intention. B—The public proceedings, leading up to the contract for the doing of the work and the furnishing of the materials, were abandoned by the board of public works, one (1) year prior to the contract with the plaintiff in this action.

As stated by the appellant, the proceedings in this case were taken under the "Street Improvement Ordinance" of the city and county of San Francisco, known as No. 2439 (New Series) Bill No. 2685. This ordinance has been before the appellate courts in several cases, including the following: *Bienfield* v. *Van Ness,* 176 Cal. 585 [169 Pac. 225], *Federal Construction Co.* v. *Wolfson,* 186 Cal. 267 [199 Pac. 512]; *Church* v. *Grady,* 40 Cal. App. 194 [180 Pac. 548]; *Flynn* v. *Chiappari,* 191 Cal. 139 [215 Pac. 682], and *Fay Improvement Co.* v. *Nelson,* 55 Cal. App. 359 [203 Pac. 417].)

[1] As to the first point, that is, that the work and materials to be performed and furnished were not sufficiently described in the resolution of intention, the description given is as follows: "The improvement of the northerly side of Twenty-second Street, between Hampshire Street and Potrero Avenue, by the construction of an artificial stone sidewalk of the full official width where not already constructed, at least six (6) feet wide."

According to the allegation of the complaint, the improvement described in the resolution of expediency is the same as that contained in the resolution of intention. The resolution of intention was introduced in evidence and is the same as that given in the complaint. This general description is sufficient. The meaning of artificial stone is well known. (12 Corpus Juris, 391.) [2] Furthermore, this general description is to be read with the plans and specifications adopted for the improvement and referred to in the resolution of intention. That part of the resolution of intention reads: "The said improvements are to be made . . . in accordance with the specifications, or plans and specifications prepared therefor and on file in the office of said Board and to which reference is hereby made."

The argument by the appellant that the following language: "Where not already constructed, at least six (6) feet wide," is insufficient is without merit. The only cases cited by appellant to sustain her contention are *Lambert* v.

*Cummings,* 2 Cal. App. 642 [84 Pac. 266], and *Fay* v. *Reed,* 128 Cal. 357 [60 Pac. 927]. Neither is in point. The case of *Lambert* v. *Cummings, supra,* was an action to foreclose a lien of a street assessment alleged to exist by virtue of proceedings instituted by the council of Berkeley. The resolution of intention recited: "The macadam shall be class 'C' as classified in Ordinance No. 62A." Ordinance No. 62A provided a classification of rock used in macadamizing, designated as "Class A," "Class B," and "Class C." The rock was specifically described in "Class A" and "Class B." "Class C" was defined as "such rock as shall be approved by the board of trustees from time to time." No rock was ever approved by the board as "Class C" rock. Hence, of course, the resolution of intention was insufficient to give the board jurisdiction and did not sufficiently describe the work to be done by specifying the kind or quality of rock to be used.

The case of *Fay* v. *Reed, supra,* was a case to foreclose an assessment for street improvement in the city of San Jose. The resolution of intention included as part of the proposed work that "suitable drains and inlets are to be constructed at all intersecting crossings, to carry the surface water of intersecting streets and of Market Street into the main branch sewer running along said Market Street." This resolution did not specify the number of drains and inlets, or the size of the drains, or the materials of which they were to be constructed, or the kind or character of the inlets and was, therefore, held fatally defective.

The second and last point urged by appellant is that "the public proceedings, leading up to the contract for doing of the work and the furnishing of the materials, were abandoned by the Board of Public Works one (1) year prior to the contract with the plaintiff in this action." This proposition of appellant is, we think, fully met and answered by the case of *Fay Improvement Co.* v. *Nelson,* 55 Cal. App. 359 [203 Pac. 417], decided by this court in an opinion by Mr. Justice Richards in November, 1921. The decision is a recent one and the reason for the decision need not be restated.

Judgment affirmed.

Tyler, P. J., and St. Sure, J., concurred.