[Civ. No. 4967.   First Appellate District, Division Two.—December 29, 1924.]

## THE EMPIRE SECURITIES COMPANY (a Corporation), Respondent, v. JENNIE A. COUNTRYMAN et al., Appellants.

[1] STREET LAW—SAN FRANCISCO STREET IMPROVEMENT ORDINANCE—ASSIGNMENT OF CONTRACTOR'S CLAIM—TIME OF DEMAND FOR PAYMENT—FINDING—EVIDENCE—APPEAL.—In an action by the assignee of a contractor to foreclose a street assessment lien for street work done under the San Francisco improvement ordinance of 1913, where there was a conflict in the evidence as to whether the demand for payment was made by the agent of the assignee before or after the assignment of the claim, the finding of the trial court (which is supported by the evidence) that the assignment was made and filed with the board of public works on the same day that the demand was made will not be disturbed on appeal.

[2] ID. — ASSESSMENT TO "UNKNOWN" OWNERS — PERSONAL DEMAND UNNECESSARY. — Personal demand for payment was unnecessary where the assessment in question was made to "unknown" owners and section 20 of the San Francisco street improvement ordinance of 1913 provided that when the owner of the lot is stated as "unknown" upon the assessment, the contractor or his assignee, or some person on his or their behalf, shall publicly, in an audible tone of voice, demand payment on the premises assessed.

[3] ID.—AFFIDAVIT OF DEMAND—DETAILS—ULTIMATE FACT.—The affidavit of the person who made the demand upon the premises of defendants need not disclose at what hour the demand was made and upon what portion of the premises and other details, the ultimate fact being whether or not a demand was made as required by the ordinance.

[4] ID.—CURATIVE PROVISIONS.—In such action, even though there had been defects in the affidavit of demand and nonpayment, such defects would not have invalidated the proceedings because of curative provisions of the ordinance under which the work was done.

[5] ID. — PRIMA FACIE PROVISION OF ORDINANCE—CONSTITUTIONALITY OF.—In such action, the contention that the San Francisco improvement ordinance, in so far as it provides that the warrant, assessment, diagram, etc., shall be *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the board of public works and of the supervisors upon which said warrant, assessment and diagram is based, is uncon-

stitutional because the charter of the city and county of San Francisco does not grant to the supervisors the power to legislate upon matters of evidence, cannot be sustained.

---

(1) 4 C. J., p. 884, n. 37.  (2) 28 Cyc., p. 1227, n. 73.  (3) 38 Cyc., p. 1227, n. 73.  (4) 28 Cyc., p. 1228, n. 82.  (5) 28 Cyc., p. 365, n. 1.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Thomas F. Graham, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Robert H. Countryman for Appellants.

Randolph V. Whiting for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment foreclosing a lien for street work upon certain real property in the city and county of San Francisco belonging to said defendants.  The action was brought by an assignee of the contractor who did the street work. [1]  One of the issues at the trial was whether the demand for payment made by the agent of the assignee on December 8, 1916, was made before or after the assignment of the claim to plaintiff.  Appellants contend that the evidence indicates that the assignment of the claim was made on December 14, 1916, six days after the demand was made and, therefore, the demand was ineffective.  There is no necessity to review in detail the evidence upon this question.  It is sufficient to state that there was a conflict in said evidence and that the trial court found the assignment was made and filed with the board of public works of the city and county of San Francisco on December 8, 1916.  There is abundant evidence in the record to support these findings and, therefore, the arguments upon this point contained in the appellants' brief are useless upon an appeal.

[2]  Appellants object to the judgment because no personal demand for payment was shown to have been made upon them.  But the record discloses that the assessment in question was made to "unknown" owners and section 20 of the San Francisco street improvement ordinance of 1913 (Ordinance No. 2439, N. S.) provides that when the owner

of the lot is stated as "unknown" upon the assessment, said contractor or his assignee, or some person on his or their behalf, shall publicly, in an audible tone of voice, demand payment on the premises assessed. Personal demand was, therefore, unnecessary. (*Whiting* v. *Townsend,* 57 Cal. 515; *Alameda Macadamizing Co.* v. *Williams,* 70 Cal. 534 [12 Pac. 530].)

[3] Appellants' contention that the affidavit of Stefani, who made the demand upon the premises, should have disclosed at what hour the demand was made and upon what portion of the premises and other details is without merit. We think these details were unnecessary. The ultimate fact is whether or not a demand was made as required by the ordinance. In *Bienfield* v. *Van Ness,* 176 Cal. 585 [169 Pac. 225], it was said: "The requirement as to the nature and character of the demand refers to the question whether the demand is personal, that is, upon the owner or his agent, or constructive, that is, by outcry upon the premises."

[4] But even though there had been defects in the affidavit of demand and nonpayment, such defects would not have invalidated the proceedings because of curative provisions of the ordinance, as pointed out in *Bienfield* v. *Van Ness, supra,* wherein it is said: " . . . the objections to the formal sufficiency of the assessment and return, or affidavit of demand and nonpayment, are all disposed of by the following provisions of the ordinance: 'No assessment, warrant, diagram or affidavit of demand and nonpayment after the issue of the same, and no proceedings prior to the assessment shall be held invalid by any court for any error, informality or other defect in the same, where the resolution of intention of the board of public works to recommend to the supervisors the ordering of the improvement has been actually published and posted and the notices of improvement posted as in this ordinance provided.' . . . The effect of the above curative clause of the ordinance is to make the other provisions of the ordinance respecting the form of the affidavit of demand and nonpayment of the assessment or warrant directory only, and to prevent a failure to observe the same from having the effect of invalidating the lien upon the property."

[5] It is also contended that the ordinance involved here is unconstitutional in so far as it provides that the warrant, assessment, diagram, etc., shall be *prima facie* evidence of

the regularity and correctness of the assessment and of the prior proceedings and acts of the board of public works and of the supervisors upon which said warrant, assessment, and diagram is based. It is urged that the charter of the city and county of San Francisco does not grant to the supervisors the power to legislate upon matters of evidence. This contention is disposed of by the cases of *Mardis* v. *McCarthy,* 162 Cal. 94, 100 [121 Pac. 389] ; *Federal Construction Co.* v. *Wolfson,* 186 Cal. 267, 276 [29 A. L. R. 1098, 199 Pac. 512].

There are no other matters requiring discussion and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1925.

All the Justices concurred.