# M. GUERIN *v.* MICHAEL REESE.

LIEN FOR STREET ASSESSMENT.—Under the Act of 1862 relating to streets in San Francisco, the return by the contractor of the warrant of the Superintendent of Streets, within the time and in the form prescribed in the eleventh section of said Act, is essential to the continuance of the contractor's lien upon the lands, lots, and portions of lots assessed, after the time limited in said Act for the contractor to make said return.

IDEM.—As the contractor is not entitled to a personal judgment against the person assessed, he is bound to pursue the course specified in said Act for the preservation of his lien upon the property charged therewith, otherwise he is without remedy for the collection of the assessments.

DEMAND FOR STREET ASSESSMENTS. — There are three modes in which demand may be made by the contractor for street assessments, to wit : first, of the person assessed ; second, of his agents ; and third, a demand, publicly made, upon the premises assessed.

OBJECT OF DEMAND.—The legal purpose of the demand is to give to the owner, as far as practicable, actual notice of the existence of the lien created by the assessment and resting upon his property, so as to enable him to take the proper steps for its discharge.

MODE OF SERVING WARRANT.—The warrant is a process in the hands of the contractor, which he is required to serve, and he will be held to the same measure of diligence in its service as is an officer holding legal process for service.

IDEM.—In making the service, it is the duty of the contractor, first, to make a reasonable effort to find and serve the person assessed; failing in this, it is his next duty to make a like effort to find and serve the agent of the person assessed; and only when such first and second efforts have failed, is he authorized to make service by a public demand for the assessments upon the premises assessed.

RETURN OF SERVICE OF WARRANT.—The statute requires the return to state "the nature and character of the demand" made by the contractor. Under this requirement, it is incumbent on him, by his return, to show a demand upon the person assessed, or a satisfactory reason why it was not done, before resorting to the other modes of making the demand.

IDEM.—Where the return of a contractor to a warrant showed service made as to R. only by a public demand upon the premises assessed, and the only reason stated therefor was "that he [contractor] could not conveniently find R.:" *held*, that the return was insufficient.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action to recover the amount of a street assessment. The complaint averred a compliance with the statute, in the proceedings taken to grade and macadamize California street, between Taylor and Jones streets; averred a letting to plaintiff of a contract for macadamizing, and a letting to B. Kenny, and an assignment by Kenny to plaintiff, of a contract for grading the block referred to. The answer was a specific denial of each averment of the complaint.

The cause was tried before the Court without a jury. The plaintiff, to sustain the issues on his part, introduced in evidence the warrants, assessments, and diagrams (with the affidavits of demand and nonpayment,) for macadamizing and grading, under said contracts. The substance of the said affidavits, or return to said warrants, so far as they are essential to an understanding of the decision on this appeal, are stated in the opinion of the Court. The defendant

objected to it, because no demand was stated in said return, and because the return did not show that defendant could not be conveniently found; and to its introduction in evidence duly excepted.

The plaintiff had judgment. The defendant moved for a new trial, on the grounds—that the Court erred in the admission of said evidence objected to; that the judgment was not sustained by the evidence, and was against law. The motion was denied by the Court, and from ·the judgment and the order of the Court denying a new trial, the defendant appealed.

*Haight & Pierson*, for Appellant.

Neither of the returns show any demand, or legal excuse for failure to make one. In each return the contractor simply states that " *he* could not conveniently find Michael Reese." He does not aver that he ever attempted to find him—a gentleman as universally known, and as easily found, as any man in San Francisco. He shows not the least effort to find him—does not show that he could not easily and conveniently be found; but simply that it did not suit *his convenience* to find him; and we are gravely told by respondent's counsel that this is sufficient, and further, that no· demand is necessary at all.

The statute of 1862, (p. 398, Sec. 11,) declares that the contractor *shall* call upon the owner or his agent, *if they can be conveniently found;* but the respondent's counsel says that the contractor need not call upon them unless it suits his convenience, and he argues that such a delinquency, under the last clause of section eleven, as amended by the Act of 1863, (Statutes 1863, p. 530,) only loses the contractor his lien, but not his right to a personal judgment. He fails entirely to discriminate between the *demand* and the *return.* The last clause of section four of the Act of 1863 provides that.if no *return* be made, the lien shall be lost, but does not

in any way relieve the contractor from the necessity of making the *demand*.

*Sharpstein & Smyth*, for Respondent.

The affidavits of demand are sufficient. No special "demand upon the defendant is necessary before a suit can be brought." (*Conlin* v. *Seaman*, 22 Cal. 549.)

The returns, upon the warrants to which the counsel objects, are in the very words of the statute, and with reference to them it would be sufficient to say *ita lex scripta est.* The person having a warrant is directed by the statute (Stats. 1863, Sec. 4, p. 529) "to call upon the persons so assessed, or their agents, if they can be *conveniently* found, and demand payment of the amount assessed to each. * * Whenever the persons so assessed or their agents cannot be *conveniently* found, * * * then the said contractor, or his agent or assigns, shall publicly demand payment on the premises assessed." Does that statute require the exercise of any diligence on the part of the person having the warrant? If so, how much? Just so much as he may find it convenient to use, and no more. It is his own convenience that he consults, and he is made the sole judge of what he can or cannot *conveniently* do in that respect. And all the return need state is, "the nature and character of the demand, and whether any of the assessments remain unpaid, in whole or in part, and the amount thereof." In respect of all which, the return is full and complete.

By the Court, RHODES, J.:

The contractor's return upon each of the warrants of the Superintendent of Streets, so far as it relates to the points we shall consider, is "that he [the contractor] could not conveniently find Michael Reese," and "that he also went upon each of the lots numbered and exhibited on the diagram attached to said assessment list and warrant as lots numbers

1, 2, 3, 4, 5 and 6, and publicly demanded on each lot payment of the sum assessed thereon in said assessment list, but that notwithstanding such demands so made the several sums assessed in said assessment list against the lots numbered and exhibited as aforesaid remain due and unpaid."

The tenth section of the Act of 1862, relating to streets in San Francisco, (Stats. 1862, p. 397,) provides that the "said warrant, assessment and diagram shall be ·recorded. When so recorded, the several amounts assessed shall be a lien upon lands, lots or portions of lots assessed, respectively, for the period of two years from the date of said recording, unless sooner discharged." The eleventh section of the Act, as amended in 1863 (Statutes 1863, p. 529), among other things, provides that "if any contractor shall fail to return his warrant within the time, and in the form provided in this section, he shall thenceforth have no lien upon the property assessed." The return, therefore, in conformity to the provisions of that section, is essential to the continuance of the lien.

As the contractor, under the authority of *Taylor* v. *Palmer*, 31 Cal. 240, is not entitled to a personal judgment against the person assessed, he is under the necessity of taking the steps requisite to preserve his lien upon the lot; otherwise he is without remedy for the collection of the assessment. That section (Section 11) prescribes the manner of making the demand. There are three modes in which the demand may be made. First, of the person assessed; second, of his agents; and third, a demand publicly made on the premises assessed. The purpose of the demand is very obvious. Up to that time the owner has only constructive notice of the proceedings, from their initiation up to the recording of the warrant, assessment and diagram; and as by the record a lien is cast upon his property, he is required to be notified in order that he may take the proper steps for its discharge. The statute gives him certain days of grace—not less than five nor more than fifteen—within which to pay the amount due, so as to relieve his lot of the lien and save himself from

the annoyance and expense of defending an action for its enforcement, and also to enable him to take an appeal to the Board of Supervisors upon questions respecting the legality or correctness of the assessment, etc. The purpose of the demand was to give him the full benefit of those days of grace. The record of the warrant, assessment and diagram, it is declared by section ten, shall be constructive notice to him of its contents; and, of course, the statute could not be reasonably construed as intending that another proceeding should be taken within the ensuing ten days, to impart to him again constructive notice of the same thing. It was devised as the surest and readiest means by which actual notice might be imparted to him, if that was practicable. Impossibilities are not required of the contractor. He is not required to call on the owner if he cannot be found, nor upon the agent (if he has an agent) if he cannot be found, nor to go upon the premises if they are inaccessible. The warrant is a process which he is required to serve, and he is held to the same measure of diligence in its service as an officer holding legal process for service. He must make diligent search and inquiry for the person assessed.

The word " conveniently," in the section requiring the contractor to call on the person assessed, if he can conveniently be found, and demand payment, is very unusual in such a connection, though the proper interpretation may not be doubtful. It certainly does not mean that he should call on the owner of the lot if it suits his convenience. It may, in one sense, be inconvenient for him to leave his residence, or to pass along a single block, or to enter the lot-owner's place of business to demand payment; but that interpretation would made the requirement a useless and absurd one. Whatever it is the duty of an officer to do while engaged in the performance of services enjoined upon him by law, and may be accomplished by the exercise of reasonable diligence, that, it may be said, can conveniently be done by him.

38

The effort must be made to find the person assessed before going in search of his agent, and the return must show that fact. If he is a non-resident of the city or State, or if he is temporarily absent, or if he has absconded, or if, after an attempt in good faith to find him he cannot be found, there is no difficulty in stating the fact. The statute requires the return to state the " nature and character of the demand," and as the continuance of the lien for two years depends on the return, there is a marked propriety in requiring the return to show a demand upon the person assessed, or a reason why it was not done, before resorting to the other modes of making the demand. Suppose the fact was, as suggested by the defendant's counsel, that the defendant was as universally known, and as easily found, as any man in San Francisco, it is obvious that the return of the contractor that he could not conveniently find Michael Reese, would be the merest evasion. Had the return been that the defendant " cannot be found," or that " he could not find " the defendant, it would have been sufficient, so far as the personal demand is concerned, to show a compliance with the requirements of the statute, but as it now stands it is insufficient.

Before the contractor is permitted to resort to the third mode of making the demand he must have exhausted the second as well as the first mode. He should show either that the person assessed has no agent, or, if he has an agent, that he could not be found. The return does not show either of those facts, although it shows that he called upon the agents of other persons who were assessed. For this reason, also, the return is insufficient.

Judgment reversed.

SAWYER, J., dissenting :

I am compelled to dissent from the conclusions attained by a majority of my associates. In my judgment the record discloses no error, and the judgment should be affirmed.