[No. 14678: Department Two. — September 13, 1892.]

P. McG. McBEAN, Respondent, v. H. L. MARTIN, Appellant.

Assessment for Sewer — Action to Enforce Lien — Pleadings — Public Demand of Payment. — A complaint in an action to enforce the lien of an assessment for work performed in the construction of a sewer along the street of a city, under the provision of the act of March 18, 1885 (Stats. 1885, p. 147), which alleges that a demand for the payment of the amount of the assessment was made by going upon the premises and making a public demand therefor, but which fails to allege that the defendant or his agent could not be conveniently found, is fatally defective.

Appeal from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Charles R. Gray,* and *J. P. Hargrave,* for Appellant.

*C. W. C. Rowell,* and *Ezra Crossman,* for Respondent.

De Haven, J. — Action upon an assessment for the construction of a sewer along G Street, in the city of San Bernardino, and to foreclose the alleged lien of such assessment, upon a lot belonging to defendant.

The court found all the allegations of the complaint to be true, and gave judgment in favor of plaintiff, in accordance with the prayer of the complaint. The defendant appeals.

1. The judgment cannot be sustained upon the findings, as the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges, in substance, among other matters, that the superintendent of streets made the assessment sought to be enforced, and attached thereto a warrant and diagram, and recorded and delivered the same to the contractor, as required by sections 8 and 9 of the "Act to provide for work upon streets, . . . . and for the construction of sewers within municipalities," approved March 18, 1885. (Stats. 1885, p. 147.) We also construe the complaint as alleging that by said assessment and diagram the lot upon which plaintiff claims that said assessment is a lien was assessed as the property of defendant, and that defendant was then and still is the owner of said lot. But the complaint fails to show a proper demand for the payment of this assessment within thirty days after the date of the warrant, and such a demand was necessary in order to preserve the lien of the assessment.

Section 10 of the act of March 18, 1885, before referred to, provides with particularity the manner in which the demand of payment shall be made, and is as follows: " Whenever the person so assessed, or their agents, can-

not conveniently be found, or whenever the name of the owner of the lot is stated as 'unknown' on the assessment, then the said contractor, or his assigns, or some person in his or their behalf, shall publicly demand payment on the premises assessed."

The complaint in this case alleges that the demand for payment of the amount of the assessment was made by going upon the premises and making a public demand therefor, but it is not alleged that the defendant or his agent could not be conveniently found, and it is only in such cases, or when the assessment is made to unknown owners, that the statute permits a public demand upon the premises. This was so held by this court in *Guerin* v. *Reese,* 33 Cal. 292, in construing a similar provision found in the act of 1862, relating to streets in San Francisco. (Stats. 1862, p. 397.) In that case Mr. Justice Rhodes, speaking for the court, said: "There are three modes in which the demand may be made: 1. Of the person assessed; 2. Of his agents; and 3. A demand publicly made on the premises assessed. The purpose of the demand is very obvious. Up to that time, the owner has only constructive notice of the proceedings, from their initiation up to the recording of the warrant, assessment, and diagram; and as by the record a lien is cast upon his property, he is required to be notified, in order that he may take the proper steps for its discharge. . . . . Before the contractor is permitted to resort to the third mode of making the demand, he must have exhausted the second as well as the first mode."

The failure to give defendant actual notice of the assessment under consideration by making a personal demand for its payment, when it could have been conveniently made as required by the statute, may have prevented him from exercising the right of appeal to the city council, given by section 11 of the act under which the assessment was made, and which appeal must be taken within thirty days after the date of the warrant. The object of the statute is to guard against the possi-

bility of such a result in all cases where the owner of property is known, and it has been assessed to him by requiring a personal demand to be made upon him, when it can be conveniently done.   It will thus be seen that the right to receive this notice is substantial, and the failure of the plaintiff to show in his complaint a strict compliance with this essential requirement of the statute is fatal to the judgment.

Judgment reversed.

McFARLAND, J., and SHARPSTEIN, J., concurred.