[Civ. No. 2656.   First Appellate District, Division One.—March 7, 1919.]

# DAVID O. CHURCH et al., Copartners, etc., Respondents, v. JOHN H. GRADY, Appellant.

[1] PLEADING—AMENDED COMPLAINT—DEMURRER.—Where a complaint has been amended, the sufficiency of the last pleading is alone in question on a demurrer.

[2] MUNICIPAL ORDINANCES—EVIDENCE—JUDICIAL NOTICE.—Courts of record do not take judicial notice of municipal ordinances in this state.

[3] ID.—PLEADING.—In pleading a municipal ordinance or a right derived therefrom it is sufficient, under section 459 of the Code of Civil Procedure, to refer to it by its title and the date of its passage.

[4] PLEADING—GENERAL DEMURRER—INSUFFICIENT FACTS.—Where the question of the sufficiency of a complaint to withstand a general demurrer arises, courts have always discriminated between insufficient facts and an insufficient statement of facts, and where the necessary facts are shown by the complaint to exist, although inaccurately or ambiguously stated or appearing by necessary implication, the judgment will be sustained.

[5] STREET LAW—SAN FRANCISCO ORDINANCE—FORECLOSURE OF ASSESSMENT LIEN—RESOLUTION OF INTENTION.—In an action to foreclose the lien of a street assessment for work done under the San Francisco street improvement ordinance, the objection that the complaint does not state that the resolution of the board of public works of its intention to recommend to the supervisors that improvements be ordered to be made contains the reference to the specifications or plans and specifications prepared for the improvement contemplated, is sufficiently met by the allegation that the board of public works duly and regularly made an assessment to cover the sum due for the said work so performed and specified in said contract, this being a sufficient allegation under the ordinance that all the steps preceding the making of the assessment necessary to authorize the board to make it had been taken in the manner provided by law.

[6] ID.—DEMAND FOR PAYMENT.—In a suit to foreclose a street assessment lien under the San Francisco ordinance, a failure to prove a compliance with the essential requirement of the ordinance respecting a demand on the owner of the property assessed, for the payment of the amount of the assessment as alleged in the complaint is fatal to the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge.   Reversed.

The facts are stated in the opinion of the court.

Edward J. Lynch for Appellant.

J. E. Manning for Respondents.

WASTE, P. J.—This is an action to foreclose a street assessment lien. The original complaint was apparently framed on the theory that the work was done under the authority of the charter of the city and county of San Francisco. At the trial plaintiffs admitted that the requirements of the charter, necessary to confer jurisdiction in such matters, had not been complied with.

The cause was submitted to the court for decision and was decided in favor of defendant. Thereupon, plaintiffs waived counsel fees and assumed defendant's costs to that date. The court set aside the submission, and permitted plaintiffs to file amendments to their complaint, setting forth facts tending to establish that the proceedings were had under Ordinance No. 2439 (New Series) of the city and county of San Francisco, commonly known as the "Street Improvement Ordinance." By stipulation of counsel said amendments were deemed denied by the answer of the defendant. No further evidence was introduced. The cause was resubmitted and decision and judgment went in favor of plaintiffs. Defendant made a motion for a new trial, one of the grounds being insufficiency of the evidence to justify the decision. The motion was denied. Defendant appeals, urging the same point as one of the grounds for a reversal of the judgment.

[1] Whatever defects may have existed in the original complaint, the demurrer to which was overruled, that pleading was superseded by the complaint as amended after the trial. The sufficiency of the last pleading is alone in question. (*Rooney* v. *Gray Bros.*, 145 Cal. 753, [79 Pac. 523].) Appellant contends that the complaint, as amended, does not state facts sufficient to constitute a cause of action, by reason of a failure to properly allege the passage and existence of the ordinance of the city and county of San Francisco under which the plaintiff now contends the proceedings were taken.

[2] It is a general rule, supported by unbroken authority in this state, that courts of record do not take judicial notice of municipal ordinances. (*Metteer* v. *Smith*, 156 Cal. 572,

[105 Pac. 735].)    [3] In pleading an ordinance of a municipal corporation, or a right derived therefrom, it is sufficient to refer to such ordinance by its title and the day of its passage. (Code Civ. Proc., sec. 459.) Plaintiff apparently attempted to comply with the section of the code in pleading the ordinance in question. The result is rather an allegation by way of parenthesis than of positive averment, but the title of the ordinance, and the day of its passage are readily ascertainable.

[4] Dealing with this precise question, our supreme court has held that when the question of the sufficiency of a complaint to withstand a general demurrer, and therefore to support a judgment, arises, "courts have always discriminated between insufficient facts and an insufficient statement of facts; and where the necessary facts are shown by the complaint to exist, although inaccurately or ambiguously stated, or appearing by necessary implication, the judgment will be sustained." (*Amestoy* v. *Electric R. T. Co.*, 95 Cal. 311, [30 Pac. 550].)

[5] The ordinance requires that the resolution of the board of public works, if its intention be to recommend to the supervisors that improvements be ordered to be made, shall contain a reference to the specifications, or plans and specifications, prepared for the improvement contemplated. Appellant contends that while the complaint contains an allegation that such plans and specifications were prepared, it is insufficient because it does not state that the resolution contained the required reference. It is to be observed that the complaint does *not* state that the resolution did *not* comply with the ordinance. Furthermore, the complaint alleges that "on the twenty-fifth day of May, 1914, the board of public works duly and regularly made an assessment to cover the sum due for the said work so performed and specified in said contract" (referring to the contract and work upon and for which the assessment was made). This is a sufficient allegation that all the steps preceding the making of the assessment, necessary to authorize the board to make it, had been taken in the manner provided by law. (*Bienfield* v. *Van Ness,* 176 Cal. 585, [169 Pac. 225].)

[6] The complaint originally contained no allegation of demand, on the owner of the property assessed, for the payment of the amount of the assessment. Both the charter and

the ordinance require that such demand shall be made. No testimony was offered to establish such fact. The warrant, assessment, and diagram admitted in evidence were not accompanied by the affidavit of demand and nonpayment required by the charter, and by the ordinance, in order to constitute *prima facie* evidence of the regularity and correctness of the assessment, and of the prior proceedings, and of the right of the plaintiff to recover in the action. (Charter of the City and County of San Francisco, art. VI, c. II, sec. 15; Ordinance 2439 [N. S.], Part I, sec. 22.)

The complaint as amended, after the first submission of the case, alleged that personal demand was made by an agent of plaintiff. This allegation was deemed denied, under the stipulation before mentioned, but no further evidence was offered to establish the fact. There was, therefore, an utter failure of proof on a vital element in the case. (*Guerin* v. *Reese,* 33 Cal. 292; *McBean* v. *Martin,* 96 Cal. 188, [31 Pac. 5].) Notwithstanding such failure of proof the court found that demand was made as alleged in the complaint. This finding was not justified, because it was not supported by any evidence.

The failure of plaintiff to prove a compliance with the essential requirement of the ordinance, respecting a demand, is fatal to the judgment. (*McBean* v. *Martin, supra.*)

The judgment is reversed.

Kerrigan, J., and Richards, J., concurred.