[Civ. No. 4603. First Appellate District, Division Two.—September 7, 1923.]

## E. J. GALLAGHER, Respondent, v. WILHELMINE FOERST, Appellant.

[1] STREET LAW—FORECLOSURE OF LIENS—SAN FRANCISCO STREET IMPROVEMENT ORDINANCE—TIME OF DEMAND FOR PAYMENT AND RETURN OF WARRANT—APPEAL.—In an action for the foreclosure of a lien for street work performed under the San Francisco street improvement ordinance of 1913, the point that the demand for payment and the return of the warrant were not made within thirty days from the date of the warrant may be raised for the first time on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. J. Castelhun and R. M. F. Soto for Appellant.

Oscar Samuels and J. Samuels for Respondent.

NOURSE, J.—This is an appeal from a judgment in favor of plaintiff foreclosing a lien for street improvements made under the street improvement ordinance of San Francisco approved September 4, 1913. With one exception the questions involved in this appeal are the same as those considered in *Gallagher* v. *Barstow, ante,* p. 643 [219 Pac. 1014], and, therefore, the reasons there given are adopted as the reasons for the judgment in this case.

In addition to the points urged in the Barstow case the appellant herein asks for a reversal of the judgment upon the ground that the demand for payment and the return of the warrant were not made within thirty days from the date of the warrant. Appellant states that the warrant was recorded on August 19, 1917, and that demand for payment was made on September 19, 1917, and that the warrant was returned on September 20, 1917. It is conceded that if these facts are true the demand and return were not made within the time prescribed by section 20 of the street improvement ordinance and the lien would therefore be lost.

**[1]** Respondent argues that the point should not be considered by this court because it is raised on this appeal for the first time and he cites cases from both the supreme and appellate courts to sustain his position. This, however, is no longer the rule of our supreme court. (See *City Street Imp. Co.* v. *Quigley*, 191 Cal. —— [215 Pac. 390], where the judgment was reversed solely upon a ground first raised on appeal.)

Respondent further points out that the date of recordation of the warrant given by appellant is incorrect, that it was in fact recorded on August 24, 1917, instead of August 19th, and that the demand and return were thus within the period of thirty days. In this he is fully supported by the record, which shows that the warrant with the recording date appearing thereon was received in evidence and that the date of recordation was August 24, 1917. Such being the case, we are at a loss to understand why appellant should raise the point.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1923.