[Civ. No. 4604. First Appellate District, Division Two.—September 7, 1923.]

## E. J. GALLAGHER, Respondent, v. MARY BARSTOW, as Executrix, etc., Appellant.

[1] STREET LAW—FORECLOSURE OF LIENS—SAN FRANCISCO STREET IMPROVEMENT ORDINANCE— PLEADING OF — SECTION 459, CODE OF CIVIL PROCEDURE.—In an action for the foreclosure of liens for street work done under the San Francisco street improvement ordinance, no prejudice is suffered by the defendant from the fact that the ordinance is pleaded in the complaint by reference to its title and to the time of its passage, as permitted by section 459 of the Code of Civil Procedure, instead of it being pleaded *in haec verba,* where the ordinance, which has been determined by the courts of appeal to be free from legal objection, is admitted in evidence.

[2] ID.—AMENDMENT OF SECTION 33, CHAPTER 2, OF ARTICLE VI, OF SAN FRANCISCO CHARTER—EFFECT UPON ORDINANCE AND PROCEEDINGS.—The fact that the amendment of section 33, chapter 2, of article VI of the San Francisco charter, approved January 13, 1917, changed in certain particulars said section of the charter under which the street improvement ordinance of 1913 was adopted, did not operate to repeal or abrogate such ordinance in so far as the provisions of said ordinance and the proceedings had thereunder were consistent with said amendment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles W. Cobb and R. M. F. Soto for Appellant.

Oscar Samuels and J. Samuels for Respondent.

NOURSE, J.—Plaintiff sued on a complaint setting forth two separate causes of action, each for the recovery of $104.78, representing separate assessments for street improvements upon two separate lots belonging to the defendant. Judgment was rendered in favor of plaintiff upon both causes of action, and from this judgment the defendant appeals.

The street improvement proceedings were conducted under provisions of the ordinance of the city and county of San Francisco enacted by the board of supervisors and approved by the mayor on September 4, 1913. The ordinance was enacted under the specific grant of power contained in section 33, chapter 2, of article VI of the San Francisco charter and has been before the supreme court in a number of other cases. (*Federal Construction Co.* v. *Wolfson,* 186 Cal. 267 [199 Pac. 512], and cases there cited.) The plaintiff pleaded the ordinance merely by reference to its title and to the time of its passage, the method authorized by section 459 of the Code of Civil Procedure, and approved in *Church* v. *Grady,* 40 Cal. App. 194, 195, 196 [180 Pac. 548], and *Federal Construction Co.* v. *Wolfson,* 186 Cal. 267, 283, 284 [199 Pac. 512]. Appellant insists that since the section does not declare that the court shall take judicial notice of an ordinance pleaded in this manner, the section is unconstitutional in that it denies a defendant on demurrer due process of law and an equal protection of the law. The argument is that the section provides a special mode of pleading in reference to private statutes and ordinances and thereby directs the court to hold as sufficient a complaint pleaded in the manner authorized by the statute. We are not disposed to question the constitutionality of the section at this time, as it has been in force (so far as it relates to the pleading of private statutes) since 1872 and has been followed in innumerable cases involving the rights of property in this state. If at this late date the section of the code is to be declared unconstitutional, we prefer to have that done by the supreme court,

inasmuch as the views of this court would not be treated as a final determination of the questions involved. The objection urged by the appellant is extremely technical and is based upon the assumption that a defendant has a right to demur in all cases and that such right cannot be abridged or denied. [1] If the argument is sound in general there was no error here, because the ordinance, which was properly admitted in evidence during the course of the trial, is free from any legal objection and has been sustained in a number of cases by both the supreme and appellate courts and if, therefore, it had been pleaded *in haec verba,* the court must necessarily have held the complaint sufficient in so far as any attack upon the ordinance itself was concerned. We cannot see, therefore, how the appellant has been prejudiced in any manner by the action of the trial court in overruling the demurrer to the complaint or how he would have been in any better position if the complaint had pleaded the ordinance in full. If the action complained of did not prejudice the appellant's rights to a fair and impartial hearing and trial of the issues, we, of course, would not be justified in reversing the case merely because the proceedings were in some respects academically wrong.

The appellant attacks the provisions of the ordinance specifying the form of bond to be given if the assessment is not paid as required on the ground that the interest is made payable semi-annually and that both principal and interest are made payable in gold coin. It is unnecessary to discuss these points in view of the holding of the supreme court in *Federal Construction Co.* v. *Wolfson,* 186 Cal. 267, 282 [199 Pac. 512, 518], where the court concluded a lengthy discussion upon the same subject with the statement that "there was ample power on the part of the board of supervisors to fix the terms and conditions of payment . . . limited only in the two particulars with reference to the amount of the several installments and the rate of interest." The same case (186 Cal. 283 [199 Pac. 512]) also disposes of appellant's contention that the supervisors were without power to authorize suit for the full assessment if the property owner refused to execute the prescribed bond.

Appellant attacks the entire proceedings under the ordinance on the ground that it was repealed or abrogated by

the amendment of section 33, chapter 2, of article VI of the charter, approved January 18, 1917. The argument is that as this amendment changed in certain particulars the section of the charter under which the street improvement ordinance was adopted, the ordinance must be deemed to have been repealed or abrogated in its entirety. The changes to which reference is made are that the right to adopt a general law of the state prescribing a procedure for street improvements was omitted from the amended section; that under the amended section the ordinance adopted by the supervisors might provide for annual payments in semi-annual or quarterly installments, whereas under the original section it was necessary to provide for annual installments; and that under the amendment no installment could exceed twenty-five per cent of the assessed valuation of the property where the entire assessment exceeds fifty per cent of such value, whereas under the original section there was apparently no limit on the amount of each installment.

We do not find that the point has been raised before and the cases cited in the briefs are of little assistance. In general they refer to rights arising under statutes which have been amended or repealed, but none of them cover the peculiar situation which arises under charter provisions such as are here under consideration. The ordinance provides a method of procedure for street improvements similar to the Vrooman Act and other general state laws relating to street improvements. It was adopted under the authority of section 33, chapter 2, of article VI of the charter and has been before the supreme court in *Bienfield* v. *Van Ness,* 176 Cal. 585 [169 Pac. 225]; *Federal Construction Co.* v. *Wolfson,* 186 Cal. 267 [199 Pac. 512], and many other cases. The authority for the section of the charter is in the direct grant of power found in section 8 of article XI of the constitution. Thus when the ordinance of 1913 was enacted it was a valid exercise of the power conferred upon the supervisors by the charter section, which, in turn, was adopted by the municipality under express authority of the constitution. This charter section, by reason of the constitutional grant of power, stands in the place of a constitution of the municipality in relation to the powers of the board of supervisors. It is a specific grant of power to

the supervisors to legislate upon the subject of street improvement procedure. This being so, the ordinance adopted under the original section is like any statute enacted by the state legislature under constitutional authority which by reason of some later amendments to the constitution has become inoperative in part. The ordinance, like the statute, is not repealed or abrogated by the later amendment unless it is wholly inconsistent with the amendment. Thus, where the amendment merely imposes minor restrictions upon the exercise of the power conferred in the original section and does not withdraw the power theretofore conferred and the statute or ordinance enacted under the prior grant is wholly consistent and in harmony with the later amendment and there is nothing in the amendment either directly or indirectly repealing the prior enactment, it remains in full force. On the other hand, if any section or portion of the statute or ordinance is inconsistent with the later amendment to the constitution or charter, then the question would arise whether the inconsistency is of such importance to the entire statute as would require the whole act to fall or whether the inconsistent portion may be segregated from the whole and that portion alone declared inoperative. But this question does not arise here, as the proceedings which were taken under the ordinance are fully consistent with the amendments to section 33, chapter 2, of article VI of the charter. [2] Even though the ordinance may have provided a procedure which was inconsistent with the charter amendment, the fact that it also authorized a method of procedure which was consistent with that amendment and that the proceedings here under consideration were had under that authorization and thus in full harmony with the charter amendment is a sufficient answer to the point on this appeal.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1923.