[L. A. No. 195.    Department Two.—January 30, 1897.]

## N. P. PERINE CONTRACTING AND PAVING COMPANY, RESPONDENT, *v.* THE CITY OF PASADENA, APPELLANT.

STREET IMPROVEMENT — CONSTRUCTION OF STREET LAW — FORFEITURE OF DEPOSIT BY SUCCESSFUL BIDDER—ILLEGAL PROCEEDINGS—FAILURE OF CONSIDERATION—RECOVERY OF DEPOSIT.—The provision of the street law that the certified check accompanying a bid for street work shall be declared forfeited if the successful bidder fails to enter into the contract, contemplates a forfeiture for failure to enter into a contract based upon legal proceedings of the municipal authorities; but when the proceedings are illegal, the promise of the contractor is a naked offer without consideration, and he is not estopped or bound thereby, and a deposit of money accompanying such a promise is recoverable at law.

ID.—INVALID DELEGATION OF DISCRETION TO SUPERINTENDENT OF STREETS AND CITY ENGINEER — COST OF EXTRA CONCRETE. — A discretion lodged in the board of supervisors alone cannot be delegated to the superintendent and city engineer; and where the specifications of a contemplated street improvement leave it to them to designate what extra concrete shall be put in, to be paid for at a *pro rata* of the contract price, thus giving them power to increase the cost of the work to an indefinite extent, and withholding from the property owner all means of determining what may be to him the ultimate cost of the finished work, the proceedings for the improvement are thereby rendered invalid.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.    J. W. McKINLEY, Judge.

The facts are stated in the opinion of the court.

*W. E. Arthur*, for Appellant.

The forfeiture took effect by virtue of the statute and without suit.    (*Oakland R. R. Co.* v. *Oakland etc. R. R.*

*Co.,* 45 Cal. 365; 13 Am. Rep. 181; *Upham* v. *Hosking,* 62 Cal. 250.) One who contracts to do work cannot rely upon the presumption that highway officers have proceeded regularly; he must examine the records and at his peril ascertain the facts. (Elliott on Roads and Streets, 411; *Boardman* v. *Hayne,* 29 Iowa, 339; *Clark* v. *Des Moines,* 19 Iowa, 199; 87 Am. Dec. 423; *Newman* v. *Sylvester,* 42 Ind. 106; *Citizens etc. Co.* v. *Elwood,* 114 Ind. 332; *Swift* v. *Williamsburgh,* 24 Barb. 427; *Daly* v. *San Francisco,* 72 Cal. 154.)

*Alexander G. Eells,* and *Benjamin Goodrich,* for Respondent.

The specifications requiring the contractor to put in such extra concrete as the superintendent of streets and the city engineer may require, gives a discretion to those officials which the statute has lodged in the board alone, and which the board is incapable of delegating. (*Bolton* v. *Gilleran,* 105 Cal. 244; 45 Am. St. Rep. 33, and cases cited; *Brown* v. *Jenks,* 98 Cal. 10; Finlayson's Street Law, 4, 53, 54.) The clause of the statute in regard to forfeiture is highly penal, and must be strictly construed. (*Erving* v. *Mayor,* 16 N. Y. Supp. 612; *Sheehy* v. *Miles,* 93 Cal. 288; *Bogart* v. *Crosby,* 91 Cal. 281.) As appellant is unable to secure to respondent the benefits of a valid contract, it should return the deposit. (*Hayes* v. *Los Angeles Co.,* 99 Cal. 79; *Chapman* v. *Brooklyn,* 40 N. Y. 372; 15 Am. & Eng. Ency. of Law, 1083.)

HENSHAW, J.—Plaintiff submitted to the defendant a bid for the performance of certain street work, and with the bid deposited its certified checks in the sum of three thousand dollars. Plaintiff was awarded the contract, but, becoming convinced that the proceedings were illegal, it refused to proceed, declined to enter into the contract, and made demand for the return of its checks. Defendant refused to comply with the demand, cashed the checks, and retained the money under a claim of forfeiture. This action was instituted for its recovery.

From the judgment rendered against it and from the order denying it a new trial, defendant appeals.

Appellant contends that its demurrer should have been sustained, and its motion for a nonsuit granted, upon the ground that plaintiff, having become a successful bidder, suffered absolute and unconditional forfeiture by its refusal to enter into the contract. The street law, in terms, declares that if the bidder " fails, neglects, or refuses to enter into the contract, . . . . then the certified check accompanying his bid, and the amount therein mentioned, shall be declared to be forfeited." (Stats. 1891, p. 199.)    It is upon this language that the contention above mentioned is based. The argument is not tenable.    Plaintiff averred and proved facts fully establishing the illegality and invalidity of the proceedings which led up to and were to have culminated in a contract.    By entering into such a contract it would have received nothing.    It could have looked neither to the city nor to the property owners for recompense for its labor.    The street law contemplates a forfeiture for a failure to enter into a contract based upon legal proceedings of the municipal authorities, not for a failure to enter into a contract which, so far as the contractor is concerned, is mere waste paper, and under which he would expend money and labor without the possibility of remuneration.    In such a case, the promise of the contractor, accompanied by his certified check, is a naked offer, met and supported by no consideration.    There is no estoppel.    The contractor has received no benefit, the city has sustained no injury. Upon such a total failure of consideration, a promise resting upon expected benefits, which can never be received, is no longer binding, and a deposit of money, accompanying such a promise, is recoverable at law. (*Hayes* v. *Los Angeles Co.*, 99 Cal. 74; 1 Parsons on Contracts, 7th ed., 462.)

The court, in its findings, specified certain particulars in which the street law had not been complied with, and concluded therefrom that the proceedings were invalid.

These findings are attacked.   It is not necessary to consider all or many of the points raised.   One of the findings is unquestioned, and its facts are decisive of the case.

The specifications contain the following: " But the contractor shall put in such extra concrete as the superintendent of streets and the city engineer may require, and in such places and in such form as they may designate.   For all such extra concrete the contractor shall be paid at a *pro rata* of contract price for the actual quantity laid."

Here there is left to the superintendent of streets and the city engineer power to increase the cost of work to an indefinite extent.   A discretion lodged in the board alone is sought to be devolved upon these officers, and all means are withheld from the property owner of determining what may to him be the ultimate cost of the finished work.   The case comes squarely within the principle enunciated in *Bolton* v. *Gilleran,* 105 Cal. 244; 45 Am. St. Rep. 33.

The judgment and order are affirmed.

TEMPLE, J., and McFARLAND, J., concurred.