# V. E. KOCH, Appellant, v. CITY OF WESTON, Respondent.

### Kansas City Court of Appeals, April 5, 1920.

1. **CERTIFIED CHECK: Lack of Consideration.** In an action by present defendant against a bank upon its certified check indorsed by present plaintiff to present defendant, the bank could not interpose a defense of lack of consideration flowing from the present defendant to the present plaintiff, nor could present plaintiff have intervened and shown the lack of consideration.

2. ———: ———: **Res Adjudicata.** In such a case although the present plaintiff took active charge of the bank's defense and paid the judgment and costs he is not thereby concluded or estopped from bringing his action against the defendant for the amount of the check because of lack of consideration, since such a defense could not have been interposed in the suit against the bank.

3. ———: ———: **Liquidated Damages: Failure to Enter into Contract.** Where plaintiff had deposited certified check with defendant which was to be forfeited as liquidated damages for failure to enter into a contract for the paving of the defendant's streets, if the contract was awarded to plaintiff, he is entitled to a return of the sum deposited where there are defects in the proceeding authorizing the paving which make the entire proceedings void.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Pearson & Butts* for appellant.

*Terrence Riley* and *George W. Day* for respondent.

BLAND, J.—This is an action to recover the proceeds of a certified check in the sum of $800. The facts out of which the controversy arose are as follows:

Defendant, City of Weston, is a city of the fourth class. In 1915 the city through its city clerk advertised

for bids for the paving of some of its streets. The council had not provided for any deposit on the part of the bidders to guarantee that the successful bidder would enter into the contract, but either the clerk or engineer required that each bidder deposit the sum of $500 as such guarantee. Plaintiff became a bidder and deposited in lieu of $500 in cash a certified check in the sum of $800, which was to be forfeited as liquidated damages in the event of his failure to enter into the contract. Plaintiff became the successful bidder but after an examination of the proceedings found the same faulty and for that reason failed to enter into the contract. Defendant city thereupon passed an ordinance forfeiting the $800. The certified check was one drawn on the Bank of Greene County, Missouri, to plaintiff's order and endorsed by plaintiff to W. H. Hull, Mayor, The council authorized Mayor Hull to ''cash'' the check and the same was deposited in defendant's bank and was forwarded to Springfield, Missouri, for collection. In the meantime the plaintiff had requested the Bank of Greene County to refuse payment.

On March 15, 1915, the check was presented to said bank and payment demanded but the same was refused. On October 15, 1915, defendant in the circuit court of Greene county sued the Bank of Greene County as acceptor of the certified check. Plaintiff undertook to become a party in that suit and filed his intervening petition setting up a lack of consideration for his endorsement of the check and alleging the various defects in the proceedings. Upon motion of the present defendant, plaintiff in that case, the intervening petition was stricken out. By agreement between plaintiff in this suit and the bank, plaintiff assumed full charge of the defense, employing attorneys and agreeing to pay all costs and expenses and to hold the bank harmless. Plaintiff took over completely the bank's defense, and controlled and directed its course. On behalf of the bank he set up in his answer substantially the same allegations that he had made in his intervening peti-

tion. On motion of defendant herein, plaintiff in that case, the court struck that matter out of the bank's answer. There was a judgment in favor of the city and against the bank, and the bank through this plaintiff appealed the case to the Springfield Court of Appeals. That court affirmed the judgment. [See City of Weston v. Bank of Greene County, 192 S. W. 126.] Plaintiff on behalf of the bank paid the judgment and all costs and expenses. Plaintiff thereupon instituted this action for money had and received.

The answer in the present case pleads the endorsement for valuable consideration of the certified check by plaintiff to the city; the presentation of said check to the Bank of Greene County and the refusal of the bank to pay the same upon the request of plaintiff; the suit of the city against the Bank of Greene County and the final judgment is favor of the city against the bank; that the defense of the bank was conducted by the present plaintiff, and a plea of *res adjudicata* and estoppel. The case was tried before the court and resulted in a judgment in favor of the defendant.

At the outset it is necessary for us to determine whether the judgment in favor of the defendant and against the bank was *res adjudicata* of the issues in this suit, and in this connection it should be borne in mind that plaintiff herein took charge and defended the suit against the bank. It is stated in Henry v. Wood, 77 Mo. 280, 281:

"The fundamental rule on this subject is, that a matter once adjudicated, by a court of competent jurisdiction, may be invoked as an estoppel in any collateral suit, in any court of law or equity, or in admiralty, when the same parties or their privies, or one of the parties and the privy or privies of the other allege anything contradictory to it. And those who assume a right to control or actively participate in the trial or its management, though not formal parties, will be concluded. Stoddard v. Thompson, 31 Iowa 80; Strong v. Phoenix Ins. Co., 62 Mo. 289; Wood v. Ensel, 63

Mo. 193. The action, however, must be between the same parties as those in the former suit or their privies. Parties are "all persons having a right to control the proceedings, to make defense, to adduce or examine witnesses, and to appeal from the decision, if an appeal lies." 1 Greenleaf Ev., 535. Privies are those who have mutual or successive relationship to the same right of property or subject matter such as "personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors or purchasers from them with notice of the facts." Greenleaf Ev. 189; Story Eq., 165; Haley v. Bagley, 37 Mo. 364."

The same, in effect, has been held by the Supreme Court upon numerous occasions, before and since the opinion in that case. [Wood v. Ensel, 63 Mo. 193; Strong v. Phoenix Ins. Co., 62 Mo. 289; State v. St. Louis, 145 Mo. 551, 567; see, also, Walsh v. First National Bank of Monett, 139 Mo. App. 641.] There is no contention that plaintiff is a privy of the bank but, under the facts, that plaintiff was a party to the other suit though not a formal one. We think it well established that this rule of estoppel cannot extend further than to the issues that were litigated or could have been litigated in the former proceeding. [Greenabaum v. Elliott, 60 Mo. 25; Donnell v. Wright, 147 Mo. 639; Spratt v. Early, 199 Mo. 491, 23 Cyc. 1216, 1237.]

There can be no question but that plaintiff in this suit can recover if the issues in the present suit are those that were not litigated or could not have been litigated in the former suit. It is, therefore, necessary for us to determine what issues were or could have been litigated in that suit. The defense sought to be interposed by the defendant in that case was a lack of consideration flowing from the city, which was an endorsee of the check, to plaintiff who was drawer and payee of the same. It is stated by the Court of Appeals

upon the appeal in the other case (see City of Weston
v. Bank of Greene County, supra, l. c. 128):

"The petition here discloses that plaintiff's cause
of action is based on a certified check which, under the
negotiable instruments act, is equivalent to an accepted
inland bill of exchange and makes the acceptor, the
defendant bank, the principal if not the sole debtor. [R.
S. 1909, secs. 10155, 10157, 10158, 10159; City of Bruns-
wick v. People's Savings Bank, 190 S. W. 60.]    This
check therefore imports a prima-facie consideration (sec-
tion 9995) in plaintiff's favor (section 9997), and the
defendant is primarily (section 10032) and not second-
arily liable thereon (section 10161).

It is no defense to an action by a transferee of a
check or draft against an acceptor that there was a lack
of consideration flowing from the transferee to the
drawer or transferer. [Thompkins v. Carner, 8 N. Y.
Suppl. 193; Vanstrum v. Liljengren, 37 Minn. 191;
Coolidge v. Bruns, 25 Ark. 242; 8 C. J. 800, sec. 1058;
Carnegie Trust Co. v. First Nat'l Bank, 213 N. Y. 301,
307.]

It is apparent that there could not have been any
issue in the former case involving the issues in the
present case, that is, a lack of consideration flowing
from the city to the contractor, the present plaintiff. The
court in the former case refused to allow the bank to
set up any such defense and struck out that portion of
the bank's answer which attempted to plead the same.
There can be no question but that plaintiff in this case
having assumed full charge of the defense in the former
case would be estopped from setting up any matter that
he might have litigated in that case but he did not and
could not have litigated the issue that presents itself
in this case.    The court refused to entertain it and, of
course, it was not determined.

It is insisted by the defendant that the present
plaintiff having completely controlled the defense in
the former case, should have filed a bill of interpleader
on the part of the bank asking that the city and he

interplead for the money, and having failed so to do the issue in this case has become *res adjudicata* for that reason. Whether plaintiff could have done this we need not say for defendant is in no position to urge the matter, for the reason that plaintiff attempted to become a party and to litigate his claims in the former suit by filing a motion to be made a party defendant and an intervening petition therein setting up such matters, but the defendant had the intervening petition stricken out and the motion overruled. The present plaintiff was doing everything that he could to defeat the action of the city in attempting to recover money to which, as we shall hereinafter show, it had no right. Plaintiff was not sleeping on his claim that the city was not entitled to the money, but was fighting it, though ineffectually, at every opportunity, and we fail to see why his rights should be impaired by so doing.

It is contended by the defendant that after the judgment in the other case was affirmed, that plaintiff paid the same and that plaintiff is attempting to recover back money that he paid on a valid judgment obtained by the city. Plaintiff did not pay the judgment for himself but on behalf of the bank. The bank then credited him with the amount of the check. So the bank really paid the judgment. This was a valid judgment that the bank was bound to pay and was rendered upon issues foreign to the one presented in this case. There can be nothing growing out of the payment of that judgment that would estop plaintiff from bringing this suit.

There is no question but that there was a failure of consideration flowing from the city to the plaintiff for the check. There were many defects in the proceedings which void. There was no legal ordinance requiring the street to be improved. This was a fatal defect. [City to use v. Eddy. 123 Mo. 546, 558 559; Wheeler v. City of Poplar Bluff, 149 Mo. 36; City of Sedalia v. Donohue, 190 Mo. 407.] The specifications

provided that the binder for the paving should be either tarvia or asphalt. There was a material difference between the two. When the contract was awarded the plaintiff he was given ten days to furnish bond and enter into the contract. But the city never properly designated which of the two kinds of material was to be used. The contractor could not enter into the contract until he was properly advised as to what material was to be used. Upon the expiration of the ten days plaintiff's check was "forfeited" by the city on account of his failure to enter into the contract. There are various other fatal defects in the proceedings.

When plaintiff deposited the certified check he agreed that the same be forfeited as liquidated damages if he should become the successful bidder and failed to enter into the contract, but this contemplated forfeiture was based upon legal proceedings by the city. In a failure to enter into a contract based upon illegal proceedings, which would result in the contractor receiving nothing for his work, the proceedings being void, the promise of the contractor accompanied by the certified check was a naked offer supported by no consideration. [Perine Contracting Co. v. City of Pasadena, 116 Cal. 6; City of Unionville v. Martin, 95 Mo. App. 28, 35.]

There is no question but that plaintiff is entitled to recover the $800 represented by the certified check that defendant refused to return, but "cashed." The judgment will therefore be reversed and the cause remanded with directions to the lower court to enter judgment for plaintiff.

All concur.